# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**TIMMY MCDONALD,**

   **Plaintiff,**

**v.**               **Civil Action No.  2:07cv82**
                 **(Judge Maxwell)**

**UNITED STATES OF AMERICA, S. L.**
**HAMLING, DEBORAH LIVINGSTON,**
**K.  M. WHITE, HARRELL WATTS,**
**UNKNOWN EMPLOYEES OF FCI-GILMER,**

    **Defendants.**


## ORDER DIRECTING PLAINTIFF TO FILE PROOF OF EXHAUSTION

On October 15, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants.  On October 31, 2007, the plaintiff was granted permission to proceed as a pauper and was assessed an initial partial filing fee.  The plaintiff paid his initial partial fee on November 14, 2007.

In the complaint, the plaintiff asserts what appears to be two separate tort claims and three separate Bivens claims.  Although he claims that each of his claims are exhausted, the plaintiff  has not provided the Court with copies of his administrative remedies or his administrative tort claims. Because it is not entirely clear from the complaint which defendants are responsible for which claims, the undersigned will require the plaintiff to file proof of exhaustion prior to conducting a preliminary review pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

Accordingly, within **twenty (20) days** from the date of this Order, the plaintiff is directed to provide the Court with a copy of any and all of his administrative remedies filed with the Bureau

of Prisons with respect to the claims raised in the complaint. The failure to comply with this Order in the allotted time could result in a recommendation that the case be dismissed for the failure to prosecute.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: January 2, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE