IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMMY MCDONALD,**

      **Plaintiff,**

v.                                                  **Civil Action No. 2:07cv82**
                                                            **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**
**S. L. HAMLING, DEBORAH**
**LIVINGSTON, K. M. WHITE,**
**HARRELL WATTS, UNKNOWN**
**NAMED EMPLOYEES OF FCI-GILMER,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On October 15, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. The plaintiff was granted permission to proceed as a pauper on October 31, 2007, and paid his initial partial filing fee on November 14, 2007. On January 2, 2008, the undersigned directed the plaintiff to file proof of exhaustion. The plaintiff filed what purports to be proof of exhaustion on January 22, 2008. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.

### I.   The Complaint

**A.   Disciplinary Report**

On December 20, 2006, defendant S. L. Hamling ("Hamling") issued an incident report against the plaintiff which the plaintiff asserts is false. In the report, Hamling stated that while

conducting a search of the plaintiff's secure locker, he found hidden "five gambling slips for professional football teams, 60 pages of pornography showing full nudity and sexual acts, four hand rolled cigarettes, 1 oz. Chewing tobacco wrapped in plastic, two radio's with register numbers removed, and 8 headphones." See Petitioner's Response to Order (dckt. 14) at Ex. B. Moreover, in the common area of the cell, Hamling stated that he found "8 tomatoes, 5 onions, 5 green peppers, approx. 2 lbs. of cauliflower, approx. 2 lbs. of broccoli, and four packages of religious dietary meats, all these items were found stowed inside water jug's (sic) containing inmate McDonald's register number." Id.

The plaintiff asserts that his inmate records show that at the time of Hamling's report, he had in his possession, only two water jugs. The plaintiff asserts that it is physically impossible to store the amount of food and meat items list by Hamling in two half gallon water jugs.

On January 12, 2007, the plaintiff appeared before Disciplinary Hearing Officer, Deborah Livingston ("Livingston"). Id. The plaintiff was charged with Possession of Anything not Authorized in violation of Code 305 and Possession of Gambling Paraphernalia in violation of Code 326. Id. After considering all of the evidence, defendant Livingston found that the plaintiff committed the prohibited acts as charged and sanctioned the plaintiff to 20 days disciplinary segregation, 14 days loss of good conduct time and six months loss of commissary. Id.

The plaintiff appealed his disciplinary sanctions through the Bureau of Prisons ("BOP") administrative remedy process alleging, *inter alia*, that the disciplinary report was false. Id. The plaintiff did not obtain relief from his disciplinary sanctions in those proceedings. Id.

**B. Conspiracy**

With regard to the plaintiff's claims surrounding his disciplinary proceedings, the plaintiff

asserts that Livingston, K. M. White ("White"), Harrell Watts ("Watts") and other unknown named defendants, conspired to cover up the "malfeasance" of defendant Hamling in violation of 42 U.S.C. § 1985(3). Specifically, it appears that the plaintiff argues that Livingston found him guilty of the charges, and White, Watts and other unknown named individuals, denied his requests for administrative remedy, as part of a conspiracy to cover-up the alleged false report by Hamling.

**C.   Living Conditions**

On May 9, 2007, the plaintiff was allegedly placed in a cell with two other inmates by unknown staff. The plaintiff asserts that the cell was only designed to hold two men and provided inadequate bed and living space. The plaintiff asserts that such conditions were cruel and inhumane, as housing three men in a two man cell is a fire hazard and clearly dangerous.

**D.   Violation of BOP Policy**

In this claim, the plaintiff asserts that he is entitled to relief because the above-stated actions of the various defendants violated the standards of employee conduct as articulated in BOP Program Statement 3420.09.

**E.   Plaintiff's Tort Claim**

Finally, the plaintiff asserts that the United States is liable under the FTCA for the malfeasance of its employees in violating his Fifth and Eighth Amendment rights as set out in the complaint.

**II.   Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits

brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.  Analysis

**A.  Disciplinary Report and Proceeding**

In this claim, the plaintiff asserts that his due process rights were violated during his disciplinary proceedings and that he is entitled to compensatory and monetary damages for those violations of his constitutional rights.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

---

[1] Id. at 327.

4

Heck at 487 (footnote omitted). These principles are equally applicable in civil rights cases that challenge the constitutionality of a prison disciplinary proceeding. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997).

Here, the petitioner challenges a disciplinary proceeding which resulted in a loss of good conduct time and seeks monetary damages as a result of the sanctions he served. However, the plaintiff has not made a showing that the finding of guilt has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff's is not entitled to seek monetary damages against the defendants at this time. To the extent that the plaintiff seeks the invalidation of the guilty finding or expungement of the disciplinary report, the proper avenue for which the plaintiff may seek such relief is through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

**B. Conspiracy**

In order to state a claim under §1985(3), a plaintiff must allege and prove the following four elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995). Conclusory allegations of a conspiracy are insufficient to state a claim. Id. at 1377.

Here, the plaintiff's claims are at best, conclusory. Moreover, the plaintiff has failed to allege, much less prove, the four elements necessary to state a conspiracy claim under § 1985.

## C. Living Conditions

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994). In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

Here, although the plaintiff asserts that the housing of three inmates in a cell would be a fire hazard and constitutes cruel and unusual punishment, the plaintiff provides no support for such conclusory and self-serving allegations. According to the response to the plaintiff's institutional grievance regarding this matter, three man cells were instituted in compliance with the mandates of the American Correctional Association and the Bureau of Prisons. Pet's Ex. D. The plaintiff has simply failed to show that housing three men in one cell offends society's evolving standards of decency or that any prison official knowingly ignored an excessive risk to the plaintiff's health and safety by placing him in a three man cell.

## D. Violation of BOP Policy

A claim that the BOP or one of its employees violated a Program Statement fails to rise to the level of a constitutional violation and is not cognizable under Bivens. See Grubbs v. Greer, Slip Opinion, 2008 WL 3896697 *3 (S.D.Miss. Aug. 19, 2008) (violation of P.S. 3420.09, or any program statement, does not rise to level of constitutional violation) (citing Hernandez v. Estelle,

788 F.2d 1154, 1158 (5th Cir. 1986) (mere failure to follow prison's internal regulations does not amount to constitutional violation); Bates v. Helman, 175 F.3d 1019, 1999 WL 160966 * 3 (7th Cir. 1999) (violation of a program statement does not rise to the level of a constitutional violation); Ortega v. Maynard, No. 06-CV-084-HRW, 2006 WL 1877016 *2 (E.D.Ky. July 6, 2006)).

**E.    Federal Tort Claims**

The FTCA provides as follows:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant and in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1).

"The FTCA waives the sovereign immunity of the United States so that the government may be liable in tort 'in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or punitive damages. '" Baum v. United States, 986 F.2d 716, 719 (4th Cir. 1993)(citing 28 U.S.C. § 2674). In other words, the FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees and "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

Here, the plaintiff asserts that all of the acts of the defendants were willful and knowing violations of his constitutional rights. The plaintiff states no cause of action with respect to any negligent acts on the part of the defendants. Thus, the plaintiff's tort claims fail and must be

dismissed. See FDIC v. Meyer, 114 S.C.t 996 (1994) (constitutional torts are not cognizable under the FTCA).

## IV. Recommendation

For the reasons set forth in this Order, it is recommended that the plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C.§§ 1915(e) and 1915A for the failure to state a claim upon which relief may be granted.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 16, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE